FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 28, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ZEBULION IAN LISTER,<br><br>Defendant. | No. 1:22-CR-02006-MKD-1<br><br>ORDER GRANTING THE UNITED STATES' MOTION FOR DETENTION<br><br>**ECF No. 59** |

On Monday, February 27, 2023, the Court conducted a hearing on the United States' Motion for Detention (ECF No. 59). Defendant was represented by Assistant Federal Defender Nick Mirr. Assistant United States Attorney Todd Swensen represented the United States.

The issue of pretrial release is governed by 18 U.S.C. § 3142. Under that statute, a judicial officer shall order that a defendant awaiting trial be (1) "released on personal recognizance or upon execution of an unsecured appearance bond," (2) "released on a condition or combination of conditions," or (3) detained pending trial. 18 U.S.C. § 3142(a). The judicial officer shall conduct a detention hearing to determine "whether any condition or combination of conditions set forth in [§ 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The judicial

ORDER - 1

officer shall order the defendant be detained if the United States shows either (1) by a preponderance of the evidence that the defendant will not appear as required, or (2) by clear and convincing evidence that the defendant poses a risk to the safety of any other person and the community. *Id.*; *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) ("On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community").

The United States contended that if released, Defendant would present both a risk of nonappearance and a danger to the safety of the community. Defendant, through counsel, contended there are conditions the Court could impose that would reasonably assure Defendant's appearance as required and the safety of the community if released.

The Court has considered, the Indictment (ECF No. 1), the Pretrial Services Report (ECF No. 60), and the arguments of counsel.

The Court has evaluated the four factors outlined in 18 U.S.C. § 3142(g) to determine whether there are conditions of release that would reasonably assure Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of

the danger Defendant would present to the community if released.

As to the first factor, Defendant is charged with being a felon in possession of a firearm. While any offense involving a firearm is cause for concern, that concern here is compounded by Mr. Swensen's proffer that the firearm in question was allegedly obtained through a straw purchaser. This shows a higher level of sophistication and planning meant to subvert prior court orders that prohibited Defendant from possessing a firearm. Therefore, this factor weighs in favor of detention.

As to the second factor, the weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence. Neither party presented evidence to shift the Court's calculus as to the strength of the Government's case, and therefore, the Court treats this factor as neutral.

As to the third and fourth factors, although Defendant's record shows numerous failures to appear, the Court believes that his risk of nonappearance could be addressed through carefully tailored release conditions. However, the Court notes that Defendant was arrested on March 12, 2021, for violating a court protective order, and that this was followed by an arrest on July 3, 2021, for concealing a dangerous knife, as well as an arrest on December 13, 2021, for unlawfully possessing a firearm—all three offenses of which Defendant was found guilty. This rapid rate of recidivism—coupled with his pattern of possessing

dangerous weapons and firearms—presents the Court with a profound concern for Defendant's risk of danger to the community. Further, the Defendant has a demonstrated history of disobeying Court orders for the protection of others. Therefore, these factors weigh in favor of detention.

The Court finds that the United States has not established by the required preponderance of evidence an absence of conditions or combination of conditions of release that would reasonably assure Defendant's appearance as required. However, the United States has established by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community that cannot be mitigated by conditions or a combination of conditions of release.

Accordingly, **IT IS ORDERED:**

1. The United States' Motion for Detention (**ECF No. 59**) is **GRANTED**.

2. Defendant shall be held in detention pending disposition of this case or until further order of the Court. Defendant is committed to the custody of the Attorney General for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is

confined shall deliver Defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

3. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a maximum four-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion object, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position. This Court will treat the motion as expedited and submitted without argument, and will set a hearing or issue other orders as may be appropriate.

4. If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties

shall cooperate to ensure that the motion is promptly determined.

5. Defendant is bound over to Judge Mary K. Dimke for further proceedings.

**IT IS SO ORDERED.**

DATED February 28, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 6