

Nick Mirr
Federal Defenders of Eastern Washington and Idaho
306 E. Chestnut Ave.
Yakima, Washington 98901
509.248.8920
Attorney for Zebulion Ian Lister

# United States District Court
## Eastern District of Washington
### Honorable Mary K. Dimke

| United States, | No. 1:22-CR-2006-MKD-1 |
|---|---|
| Plaintiff, | Expedited Motion to Reopen Detention[1] |
| v. | |
| Zebulion Ian Lister, | **Before Judge Ekstrom** |
| Defendant. | April 14, 2023 – 6:30 p.m. Yakima—Without Oral Argument |

---

[1] Defense counsel is not requesting a supplemental PTS be prepared prior to the hearing. Further, Defense counsel has set this for Friday this week to provide sufficient time to secure a continuance of Mr. Lister's upcoming court dates with the District Court Judge assigned to this case. Mr. Lister intends to seek a continuance irrespective of the results of this motion.

## I. Background

Zebulion Ian Lister, by and through his attorney, Nick Mirr, for the Federal Defenders of Eastern Washington and Idaho, hereby moves this Court for an order to reopen his detention hearing and order his temporary release to inpatient treatment. Specifically, Mr. Lister respectfully requests the Court issue an order granting his release to allow him to enter inpatient drug treatment at The Center in Wenatchee, WA, on April 20, 2023.

Mr. Lister made an initial appearance and was arraigned on an indictment on February 27, 2023. ECF No. 63. On the same day, the Court conducted a detention hearing and ultimately granted the Government's motion for detention. ECF No. 64. Specifically, the Court detained Mr. Lister based on its finding that he posed a risk of danger to the community. *Id.* at 4. The Court did not find he presented a risk of nonappearance. *Id.* Mr. Lister now comes before the Court seeking to reopen his detention hearing after undergoing a substance use evaluation and securing a bed date for inpatient treatment.

## II. Applicable Law

Mr. Lister seeks his release pending trial pursuant to the Bail Reform Act ("BRA"), 18 U.S.C. § 3141 *et seq.* A court's determination that detention is appropriate pending trial "may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the

Motion to Reopen Detention
– 1 –

hearing and that has a material bearing on the issue [of] whether" release is appropriate pursuant to the BRA. 18 U.S.C. § 3142(f). The same four factors evaluated at an initial detention hearing are considered on a motion to reopen. *See* 18 U.S.C. § 3124(g).

The BRA "requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community." *U.S. v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (citing 18 U.S.C. § 3142(c)(2)). "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *Id.* (citing *U.S. v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985)).

### III. Release Plan

Importantly, Mr. Lister has been in custody at the Yakima County Jail since December 13, 2021.[2] He was taken into custody on state charges that have since been resolved and for which Mr. Lister has served his sentence. *See* ECF No. 60 at 15. In the roughly 16 months that Mr. Lister has been in continuous custody, he has largely been deprived of meaningful substance use programming. A review of his criminal history, however, reveals that he is in desperate need of treatment. Mr. Lister's criminal history

---

[2] *See* Yakima County Jail Inmate Lookup, *available at* https://www.yakimacounty.us/2240/Inmate-Lookup (last accessed Apr. 11, 2023)(noting a booking date for Zebulion Ian Lister of 2021-12-13).

is largely comprised of misdemeanor driving offenses, theft offenses, and some more significant charges of forgery and identity theft—all charges that are indicative of his struggles with substance use.

Recognizing that he needs to gain control over his substance use disorder should he want to make changes in his life, Mr. Lister secured a substance use assessment that indicated he would benefit from inpatient treatment. A representative from Merit Resources communicated to defense counsel's office that Mr. Lister has a bed date on April 20 at The Center in Wenatchee. *See* Exhibit 1. Mr. Lister's mother, Pauline Pestana, confirmed with defense counsel that she and her husband would be able to transport Mr. Lister to The Center on his bed date.[3] The probation office found no criminal history for Mr. or Mrs. Pestana. ECF No. 60 at 2.

As this Court is aware, the limited programming that was available at Yakima County Jail via the tablets has been restricted over the past several months. Although it is defense counsel's understanding the tablets are becoming available again, the programming that is available through them is a far cry from the intensive and robust programming that is provided through inpatient treatment. Mr. Lister seeks this

---

[3] Mrs. Pestana also confirmed that should Mr. Lister be released to the community after completion of inpatient treatment, she can assist Mr. Lister financially with posting bonds and quashing of currently pending warrants. Defense counsel spoke with the Clerks of Court of Lewis and Centralia County and confirmed bonds could be posted and warrants quashed should Mr. Lister appear.

Motion to Reopen Detention
- 3 -

Court's approval to take advantage of the resources available at The Center and begin his journey towards sustained recovery.

As highlighted earlier, the Court detained Mr. Lister solely on a finding that his release could present a risk of danger to the community. However, the limited release that is sought now presents an extremely limited risk of danger to the community and any risk that does exist could be mitigated by appropriate conditions. First, Mr. Lister's release presents little risk to the community as he will not be released to reside in the community at large, but rather at a controlled (though not "lockdown") environment of a treatment facility. Second, in terms of specific risk to individuals, Mr. Lister is amenable to the use of a GPS bracelet to ensure that he does not come into close physical proximity with individuals he should not be near. Although there are some allegations of violence in his past, the vast majority of his history is non-violent. In light of this criminal history and his amenability to GPS monitoring, defense counsel submits that appropriate conditions can be fashioned should Mr. Lister be released.

Defense counsel discussed this motion with AUSA Todd Swensen and USPO Phil Casey—both oppose Mr. Lister's release to treatment.

Accordingly, Mr. Lister respectfully requests that the Court permit his release to The Center on April 20, 2023. Mr. Lister further requests the Court set a status hearing approximately three (3) weeks after he arrives at treatment to address the propriety of his continued release.

Dated: April 11, 2023.

                Federal Defenders of Eastern Washington & Idaho
                Attorneys for Zebulion Ian Lister

                <u>s/ Nick Mirr</u>
                Nick Mirr, AT0014467
                Iowa State Bar Ass'n
                306 E. Chestnut Ave.
                Yakima, Washington 98901
                t: (509) 248-8920
                nick_mirr@fd.org

## Service Certificate

I certify that on April 11, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: Todd Swensen.

                <u>s/ Nick Mirr</u>
                Nick Mirr, AT0014467
                Iowa State Bar Ass'n
                306 E. Chestnut Ave.
                Yakima, Washington 98901
                t: (509) 248-8920
                nick_mirr@fd.org