```
                                                          FILED IN THE
                                                       U.S. DISTRICT COURT
                                                   EASTERN DISTRICT OF WASHINGTON

                                                        Apr 24, 2023
              UNITED STATES DISTRICT COURT
                                                       SEAN F. McAVOY, CLERK
              EASTERN DISTRICT OF WASHINGTON
```

| UNITED STATES OF AMERICA, | No. 1:22-CR-02006-MKD-1 |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING |
| v. | |
| ZEBULION IAN LISTER, | **ECF No. 67** |
| Defendant. | |

On Friday, April 14, 2023, the Court conducted a hearing on Defendant's Motion to Reopen Detention Hearing (ECF No. 67). Defendant was represented by Assistant Federal Defender Nick Mirr. Assistant United States Attorney Todd Swensen represented the United States.

The Court has considered the Indictment (ECF No. 1), Defendant's Motion to Reopen Detention Hearing (ECF No. 67), the Pretrial Services Report (ECF No. 60), and the arguments of counsel.

On February 27, 2023, the Court held a detention hearing and granted the United States' Motion for Detention (ECF No. 59). ECF No. 64. Defendant now indicates that a bed date is available at The Center in Wenatchee and requests the Court grant release for inpatient treatment. ECF No. 67. Counsel has arranged for Defendant's parents to pick Defendant up at the Yakima County Jail on Thursday,

ORDER - 1

April 20, 2023, and transport Defendant directly to inpatient treatment at The Center. *Id.*

The issue of pretrial release is governed by 18 U.S.C. § 3142. Under that statute, a judicial officer shall order that a defendant awaiting trial be (1) "released on personal recognizance or upon execution of an unsecured appearance bond," (2) "released on a condition or combination of conditions," or (3) detained pending trial. 18 U.S.C. § 3142(a). The judicial officer shall conduct a detention hearing to determine "whether any condition or combination of conditions set forth in [§ 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The judicial officer shall order the defendant be detained if the United States shows either (1) by a preponderance of the evidence that the defendant will not appear as required, or (2) by clear and convincing evidence that the defendant poses a risk to the safety of any other person and the community. *Id.*; *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) ("On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community").

Pursuant to 18 U.S.C. § 3142(g), this Court has taken into account the nature and circumstances of the offense charged, the weight of the evidence against the

Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

The United States contended that if released, Defendant would present a risk of danger to the safety of the community. Defendant, through counsel, contended there are conditions the Court could impose that would reasonably assure Defendant's appearance as required and the safety of the community if released.

As a preliminary matter, the Court has determined that, while Defendant has made a prima facie showing of some new evidence to support consideration of this Motion in the first instance, Defendant has ultimately failed to demonstrate the new information is material to the issue of detention pursuant to 18 U.S.C. § 3142(f). A detention hearing may be reopened if "information exists that was not known to the movant at the time of the hearing and has a material bearing on whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

Defendant's acknowledgement of addiction and the availability of inpatient treatment constitute information that may not have been known to Defendant at the time of the previous hearing; however, this information does not constitute information that has a material bearing on Defendant's risks of non-appearance and danger to the community.  This Court's prior Order cited several facts that led to that determination, including: Defendant's prior convictions involving dangerous weapons and subsequent rapid recidivism, as well as Defendant's prior violation of a court's protective order.  Defendant's acknowledgement of his addiction and the availability of treatment do not have a material bearing on these findings.

The Court further notes that Defendant's alleged conduct—that he could not even wait until exiting Cabela's before taking possession of a firearm that another individual had purchased on his behalf—demonstrates incredibly poor volitional control that cannot be overlooked.

Therefore, the Court finds that the United States has not established by the required preponderance of evidence an absence of conditions or combination of conditions of release that would reasonably assure Defendant's appearance as required.  However, the United States has established by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community that cannot be mitigated by conditions or a combination of conditions of release.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Reopen Detention (**ECF No. 67**) is **DENIED**.

2. Defendant shall be held in detention pending disposition of this case or until further order of the Court. Defendant is committed to the custody of the Attorney General for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

3. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a maximum four-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion object, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of opposing

counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position. This Court will treat the motion as expedited and submitted without argument, and will set a hearing or issue other orders as may be appropriate.

4. If a party desires that another court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

5. Defendant is bound over to Judge Mary K. Dimke for further proceedings.

**IT IS SO ORDERED.**

DATED April 24, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE