FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 19, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        v.<br><br>ZEBULION IAN LISTER (1),<br><br>                              Defendant. | No. 1:22-CR-02006-MKD-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR ARRESTING JUDGMENT<br><br>**ECF No. 140** |

Before the Court is Defendant Zebulion Ian Lister's Motion and Declaration for Arresting Judgment.[1]  ECF No. 140.  Defendant seeks relief from the Judgment

_____

[1] The Court convened for a hearing on the motion on July 16, 2024.  *See* ECF No. 148.  Defendant was not present because he had previously been designated and moved to FCI Victorville to serve his sentence.  Counsel for Defendant expressed that Defendant wished for the Court to proceed without being present.  The motion did not seek oral argument.  The Court did not take argument on the motion since

ORDER – 1

dated May 7, 2024, which found Defendant guilty of violating 18 U.S.C. §§ 922(g)(1), 924(a)(2).  For the reasons stated below, his motion is denied.

## BACKGROUND

On January 23, 2024, Defendant pleaded guilty to the charge of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  ECF No. 112; *see* ECF No. 113.  In the Plea Agreement, Defendant agreed that he entered a store in Union Gap, Washington, and that surveillance video shows Defendant examine, handle, pay for, retrieve, and carry a Taurus Armas PT111 G2 A 9mm pistol.  ECF No. 113 at 6.  Defendant further agreed that the firearm had not been manufactured in Washington, and that he had previously been convicted of a crime punishable by a sentence of imprisonment for more than 12 months, and that he knew he had previously been convicted of a felony.  *Id.*  Defendant also expressly waived his rights to appeal his conviction and sentence and to file any post-conviction motion attacking his conviction and sentence other than one based upon ineffective assistance of counsel.  ECF No. 113 at 10-11.

On May 7, 2024, the Court sentenced Defendant to 30 months imprisonment and three years of supervised relief and entered Judgment the same day.  ECF Nos.

---

Defendant was not present.  The Court finds disposition without oral argument is appropriate.

ORDER – 2

135, 136. Two days later, on May 9, 2024, the Ninth Circuit decided *United States v. Duarte*, No. 22-50048. *See* 101 F.4th 657 (9th Cir. 2024). The panel found that 18 U.S.C. § 922(g)(1) was unconstitutional as applied to the criminal defendant before it. *Id.* at 691. The panel explained that "we cannot say that [the defendant's] predicate offenses were, by Founding era standards, of a nature serious enough to justify permanently depriving him of his fundamental Second Amendment rights." *Id.*

Defendant filed the instant motion on May 21, 2024, seeking relief from the May 7, 2024 Judgment pursuant to Fed. R. Crim. P. 34 and 35. ECF No. 140. He argues that, in light of *Duarte*, Section 922(g)(1) is unconstitutional as applied to him because, like the defendant in *Duarte*, he lacks a criminal history that justifies the permanent deprivation of his Second Amendment rights. ECF No. 140. On July 17, 2024, the Ninth Circuit granted rehearing *en banc* and vacated the *Duarte* panel decision. Order, No. 22-50048 (9th Cir. July 17, 2024), ECF No. 81.

## LEGAL STANDARD

Fed. R. Crim. P. 34(a) provides that "[u]pon the defendant's motion or on its own, the court must arrest judgment if the court does not have jurisdiction of the charged offense." Fed. R. Crim. P. 34(b) provides that "[t]he defendant must move to arrest judgment within 14 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere."

ORDER – 3

1    Fed. R. Crim. P. 35(a) provides that, within 14 days after entering a

2  sentence, the court may correct a sentence that resulted from arithmetical,

3  technical, or other clear error.

4                              **DISCUSSION**

5    Defendant seeks relief under Fed. R. Crim. P. 34 and 35.  ECF No. 140.  The

6  United States argues that Defendant waived his right to pursue the motion in his

7  plea agreement.  ECF No. 145.

8    **A. Plea Waiver**

9    "A defendant's waiver of his rights to appeal and to bring a collateral attack

10  is generally enforced if '(1) the language of the waiver encompasses his right to

11  appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily

12  made.'"  *Davies v. Benov*, 856 F.3d 1243, 1247 (9th Cir. 2017) (quoting *United*

13  *States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005)).  The Ninth Circuit has

14  explained that

15          [p]rinciples of contract law control our interpretation of a
           plea agreement. . . .  We therefore will generally enforce
16          the plain language of a plea agreement if it is clear and
           unambiguous on its face. . . .  The government, as the
17          drafter of this plea agreement, is responsible for any lack
           of clarity such that ambiguities are construed in favor of
18          the defendant.

19  *Davies*, 856 F.3d at 1246-47 (citations and quotations omitted).

20

ORDER – 4

1    With his plea agreement, Defendant agreed as follows:

> Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

ECF No. 113 at 10.  The United States argues this wavier precludes motions such as the one now under consideration.  ECF No. 145 at 4.  Defendant fails to respond to  this argument.  ECF Nos. 140, 146.

Defendant filed the instant motion post-conviction, and the motion seeks to attack his conviction and sentence.  *See* ECF No. 140.  The plain and unambiguous language of his waiver requires that the Court find Defendant waived his right challenge his conviction and sentence in the manner he now pursues, whether under Fed. R. Crim. P. 34 and 35 or another rule.

**B. Fed. R. Crim. P. 34**

Even if the Court were to look past the plea agreement's waiver, Defendant fails to establish that Fed. R. Crim. P. 34 provides a proper procedural basis for his requested relief.

Defendant argues that the *Duarte* decision "indicates that the indictment under 18 U.S.C. § 922(g)(1) for non-violent offenders does not charge an offense, as it violates the Second Amendment."  ECF No. 140 at 6.  Therefore, he pursues

ORDER – 5

1    relief pursuant to Fed. R. Crim. P. 34, which provides for arresting judgment where

2    the Court does not have jurisdiction of the charged offense.  ECF No. 140 at 4-6.

3        First, it does not appear that Defendant's motion is timely.  Fed. R. Crim. P.

4    34 provides that "[t]he defendant must move to arrest judgment within 14 days

5    after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo

6    contendere."  Defendant entered his guilty plea on January 23, 2024, *see* ECF Nos.

7    112, 113, and the Court entered an order accepting his guilty plea on the same day,

8    ECF Nos. 112, 115.  Defendant filed the instant motion months later, exceeding

9    Fed. R. Crim. P. 34's 14-day time limit.  ECF No. 140.

10        Second, to determine whether a judgment should be arrested, the district

11    court must look only to the face of the record, or the charging document, and

12    cannot look to the evidence adduced at trial.  *United States v. Sisson*, 399 U.S. 267,

13    280-84 (1970).  The district court is limited to "the indictment, the plea, the verdict

14    and the sentence."  *Guam v. Palomo*, 511 F.2d 255, 259 (9th Cir. 1975); *see also*

15    *United States v. Guthrie*, 814 F. Supp. 942 (E.D. Wash. 1993).  Defendant asks the

16    Court to consider his criminal history to conclude he is a non-violent offender.

17    ECF No. 140 at 4-6.  The exercise would require review of material outside the

18    indictment, plea, verdict, and sentence.  In other words, Fed. R. Crim. P. 34 is not

19    the proper procedural basis for the relief he seeks.

20        Third, Defendant's argument that the *Duarte* decision "indicates that the

ORDER – 6

1    indictment under 18 U.S.C. § 922(g)(1) for non-violent offenders does not charge

2    an offense, as it violates the Second Amendment" now appears to be moot.  ECF

3    No. 140 at 6.  The *Duarte* panel decision has been vacated and is no longer binding

4    authority.  Order, No. 22-50048 (9th Cir. July 17, 2024), ECF No. 81.  In short,

5    Defendant has failed to demonstrate he is entitled to relief under Fed. R. Crim P.

6    34 as a matter of timeliness, procedure, and merit.

7    **C. Fed. R. Crim. P. 35**

8    Defendant argues that Fed. R. Crim. P. 35(a) allows for a "correction or

9    reduction" of his sentence because the *Duarte* panel held Section 922(g)(1)

10   unconstitutional as applied to him, thereby creating a clear error.  ECF No. 140 at

11   7.

12   "The authority to correct a sentence under [Fed. R. Crim. P. 35(a)] is

13   intended to be very narrow and to extend only to those cases in which an obvious

14   error or mistake has occurred in the sentence, that is, errors which would almost

15   certainly result in a remand of the case to the trial court for further action[.]"  Fed.

16   R. Crim. P. 35, Advisory Committee Note to the 1991 Amendment.  Clear errors

17   for the purposes of Fed. R. Crim. P. 35(a) are "akin to an arithmetical or technical

18   error, and are generally 'easily identifiable and readily ascertained from the

19   sentencing proceeding and judgment.'"  *United States v. Depape*, No. 22-cr-426,

20

ORDER – 7

2024 WL 2749426 (N.D. Cal. May 28, 2024) (quoting *United States v. M.M.*, 23 F.4th 216, 221 (3d Cir. 2021)).

Defendant identifies no error of the sort that may be the basis of a sentence correction or reduction pursuant to Fed. R. Crim. P. 35(a).  The record indicates he was sentenced according to proper procedure.  He argues that the merits of the case shifted after sentence such that he should be afforded the opportunity to challenge his sentence.  Fed. R. Crim. P. 35(a) is not the proper procedural mechanism for such a challenge.

**CONCLUSION**

Defendant offers no procedural authority for the Court to reconsider his plea agreement, judgment, or sentence.

Accordingly, **IT IS HEREBY ORDERED:**

1.      Defendant Zebulion Ian Lister's Motion and Declaration for Arresting Judgment, **ECF No. 140**, is **DENIED.**

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide a copy to counsel for Defendant.

**DATED** July 19, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER – 8